|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
| UNITED STATES DISTRICT COURT         |   | EASTERN DISTRICT OF TEXAS            |

| | |
|---|---|
| CARMEN HURTADO, #23573-078 | § |
| | § |
| *versus* | § CIVIL ACTION NO. 4:18-CV-176 |
| | § CRIMINAL ACTION NO. 4:15-CR-151(02) |
| UNITED STATES OF AMERICA | § |

**MEMORANDUM AND ORDER**

Pending before the court is Movant Carmen Hurtado's Motion to Alter or Amend the Judgment/Order Under Rule 59(e) (#11). The present § 2255 motion was denied as time-barred. Hurtado argues that the court erroneously concluded that he is not entitled to equitable tolling. In support of his claim, he asserts that his transfer to state custody constitutes extraordinary circumstances warranting equitable tolling. For the reasons set forth below, the motion is denied.

I.    Background

Hurtado is in custody pursuant to a conviction for the offense of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On November 1, 2016, after a plea of guilty, Hurtado was sentenced to 60 months of imprisonment, to be followed by four years of supervised release. The judgment was entered on November 3, 2016. Because Hurtado did not file a direct appeal, his conviction became final on November 17, 2016. Fed. R. App. P. 4(b). *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The present § 2255 motion was due one year later on November 17, 2017. It was not filed until March 9, 2018.

The court found that the present § 2255 motion is time-barred. Hurtado disputes the finding and argues that he is entitled to equitable tolling for the period of time he spent in state custody from November 10, 2016 until June 2017. He is bringing the same arguments that he presented in his objections to the Report and Recommendation.

II.  Standard of Review

The Supreme Court discussed the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450-51 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The United States Court of Appeals for the Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976 (2005). The Fifth Circuit has repeatedly specified that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g.*, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the

district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

III. Analysis

Hurtado is rehashing the exact same arguments that he presented in his objections, which were rejected by the court. He is misusing Rule 59(e), and the motion should be denied.

Nonetheless, to be clear, the United States Supreme Court held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. In the present case, Hurtado has not shown extraordinary circumstances. The fact that he spent time in state custody before being sent to federal custody does not give rise to an inference of extraordinary circumstances. Moreover, he failed to pursue his rights diligently. He failed to take any steps to protect his rights until after the limitations period had already expired. He has not shown that he is entitled to equitable tolling, and the § 2255 motion was properly denied as time-barred. The present motion lacks merit. It is accordingly

**ORDERED** that Hurtado's Motion to Alter or Amend the Judgment/Order Under Rule 59(e) (#11) is **DENIED**. All motions not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 4th day of December, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE